UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JUAN ARTURO CUSTODIO IXCOY,

Petitioner,

v.

RUBEN LEYVA, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Acting Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, acting U.S. Attorney General; Mike HOLLINSHEAD, Sheriff of Elmore County,

Respondents.

Case No. 1:26-cv-00298-AKB

**ORDER**

Pending before the Court is Petitioner Juan Arturo Custodio Ixcoy's Petition for Habeas Relief Under 28 U.S.C. § 2241 (Dkt. 1). Petitioner claims that he is a Guatemalan national who has lived in the United States since his entry without inspection in 2016 (*id.* ¶ 1). Immigration and Customs Enforcement (ICE) agents recently seized Petitioner (*id.* ¶ 3). Petitioner is currently detained at the Elmore County Detention Center in Mountain Home, Idaho (*id.* ¶ 17). Petitioner contends his detention is unlawful because the Department of Homeland Security (DHS) and the Executive Office of Immigration Review (EOIR) have determined he is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A) (*id.* ¶ 4). Petitioner has also filed a Motion for Temporary Restraining Order (Dkt. 2).

Having considered the petition, the Court finds Petitioner may be entitled to relief. The Court therefore orders Respondents to respond to the petition in accordance with the instructions set forth below. *See Danforth v. Minnesota*, 552 U.S. 264, 278 (2008) (holding court may adjust habeas procedures based on "equitable and prudential considerations").

Judges in this District have repeatedly explained their disagreement with DHS's interpretation of § 1225, which is consistent with the majority of courts to address the issue. The Court sees no reason to revisit that analysis absent contrary binding authority. Nevertheless, the Court recognizes that each case is different, and thus justice is best served by allowing Respondents an opportunity to respond and explain why this case should result in a different outcome. The Court does not, however, need extensive briefing on the interplay between §§ 1225 and 1226, as the parties' respective positions are well established. Thus, a brief statement summarizing those arguments will suffice. The parties should instead focus their briefing on the specific facts of this case.

Additionally, as part of its preliminary review, the Court notes that Petitioner claims he was paroled into the United States "[p]ursuant to 8 C.F.R. § 212.5"—the federal regulation citing and deriving its parole authority from 8 U.S.C. § 1182(d)(5)(A) (Dkt. 1 ¶ 4). If Petitioner was indeed paroled into the United States, then he would not qualify for mandatory detention under § 1225(b). *See Ricse Mendoza v. Henkey*, No. 26-cv-00020-AKB, 2026 WL 446364, at *1 (D. Idaho Feb. 17, 2026) (holding petitioner "is subject to detention under § 1226(a)—not § 1225(b)(1)—because parole disqualifies a noncitizen from § 1225(b)(1)(B)(ii)'s grasp"). That does not necessarily mean that aliens granted humanitarian parole are entitled to unconditional or perpetual parole; rather, § 1182(d)(5)(A) merely provides for discretionary parole of detainees, which, upon revocation, returns the detainees to the form of legal detention they were in prior to

parole. "Courts in this circuit have found that the 'government's subsequent release of [an] individual from detention creates *an implicit promise* that the individual's liberty will be revoked only if they fail to abide by the conditions of their release.'" *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025) (emphasis added) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

When he was released from his initial detention on parole, Petitioner took with him a liberty interest that is entitled to the full protections of the Due Process Clause. Once established, Petitioner's interest in liberty is a constitutional right which may only be revoked through methods that comport with due process, such as a hearing in front of a neutral party to determine whether Petitioner's re-detainment is warranted. *See Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023) ("The Supreme Court has consistently held that non-punitive detention violates the Constitution unless it is strictly limited, and, typically, accompanied by a prompt individualized hearing before a neutral decisionmaker to ensure that the imprisonment serves the government's legitimate goals."). The parties should therefore address whether Petitioner's parole has been revoked and, if so, what procedures Respondents undertook to sufficiently protect his liberty interest. The parties should also address the three-part test for procedural due process rights set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (9th Cir. 2022) ("assum[ing] without deciding" that *Mathews* applies in the immigration detention context).

## ORDER

**IT IS ORDERED that:**

1. Respondents shall file a response to the Petition for Writ of Habeas Corpus (Dkt. 1) and to Petitioner's Motion for Temporary Restraining Order (Dkt. 2) no later than **May 22, 2026**.

2. Petitioner shall have an opportunity to file a reply no later than **May 27, 2026**.

3. Service of the Petition and this Order shall be made by Petitioner on the United States Attorney for the District of Idaho by **May 20, 2026**, and shall constitute good and sufficient service.

4. To further expedite adjudication of this matter, the Clerk of Court is directed to promptly provide a copy of the Petition and this Order to the United States Attorney's Office for the District of Idaho via email at USAID.HabeasPetitions@usdoj.gov. The Clerk shall also serve a copy of the Petition, Motion for Temporary Restraining Order, and this Order upon Respondents by certified mail.

5. To preserve the status quo, and pursuant to the All Writs Act, 28 U.S.C. § 1651, Petitioner may not be removed from the United States or the District of Idaho until further order of this Court.

6. To further preserve the status quo, and protect the Petitioner's right to continued access to counsel, during the briefing and hearing process and until the Court can issue a decision, Respondents may not engage in activities or communications with the Petitioner in an effort to secure the abandonment of his rights in this action or regarding his rights in removal proceedings, without the presence of counsel.

DATED: May 15, 2026

Amanda K. Brailsford
U.S. District Court Judge